UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

              Plaintiff,

  v.

ALBERT ZUNIGA,

              Defendant.

NO. CR-08-2097-LRS

**ORDER DENYING MOTION TO RENEW FOR JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29**

    **BEFORE THE COURT** is Defendant's Motion to Renew For Judgment of Acquittal Pursuant to Federal rule of Criminal Procedure 29, Ct. Rec. 121, filed March 24, 2009. The government opposes the motion.

    The defendant, Albert Zuniga, was charged in a two-count indictment on September 18, 2008, for aiding/abetting postal robbery and conspiracy offenses. Ct. Rec. 20. On March 16, 2009, the defendant proceeded to a jury trial on the two counts. After deliberations on March 20, 2009, the jurors indicated they were unable to reach a unanimous verdict on Count 1 but found Defendant not guilty of Count 2 of the Indictment. The Court declared a mistrial on Count 1 of the Indictment.

ORDER - 1

## I.   STANDARD FOR JUDGMENT OF ACQUITTAL

The standard for a judgment of acquittal is the same regardless of when the motion is made.  The Court is to direct acquittal "if the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a).  As the Ninth Circuit Court of Appeals has explained, the evidence is insufficient to sustain a conviction if, after viewing the evidence in the light most favorable to the government, no rational trier of facts could find the essential elements of the crime beyond a reasonable doubt. *United States v. Lucas*, 963 F.2d 243, 247 (9th Cir.1992).  The government is entitled to all reasonable inferences that might be drawn from the evidence. *Id.*  In deciding a motion for judgment of acquittal, the court can neither weigh the evidence nor assess the credibility of the witnesses. *Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978).

## II.   DISCUSSION

Defendant argues that if the jury found insufficient evidence of aiding and abetting, then there is insufficient evidence to prove a conspiracy.  Ct. Rec. 122 at 2-4.  Defendant also argues that the government failed to present sufficient evidence of the essential elements of conspiracy and therefore acquittal is appropriate.  The defendant further argues that Pedroza only testified about the meeting between the defendant and the Soliz brothers.  The defendant concludes that this limited information fails to establish an agreement to commit at least one crime as charged in the indictment.

ORDER - 2

The government responds that the conspiracy and the substantive count are separate and distinct offenses. Therefore, a judgement of acquittal regarding the aiding and abetting count does not preclude a finding of guilt on the conspiracy charge. Ct. Rec. 130 at 5. The government further explains that in the present case, the indictment alleged that the defendant did aid and abet in the commission of an assault. This is a separate crime from conspiracy to rob the mail, money and other matter. Therefore, the jury could have found that the defendant did not intend to assault M.S., and yet also determined that the defendant had conspired to commit a crime against the United States.

The government responds that its witness Raymond Pedroza testified that the defendant constantly attempted to entice him to rob a postal carrier. Pedroza testified about the meeting between the defendant and the Soliz brothers. Pedroza testified to statements made by Johnny Soliz who is an alleged co-conspirator. The government offered audio recordings of the defendant where he discussed the robbery and his intent that the robbery was supposed to be a "clean sweep." The government offered testimony from Diane White and France Bega concerning the defendant's motivation to commit the robbery. Therefore, the government concludes that it offered sufficient evidence to warrant a conviction as to Count 1, the Conspiracy charge.

The court finds the government's arguments convincing based on case law and the evidence that was presented at trial in this matter. Specifically, conspiracy to commit a crime and aiding and abetting in its

commission are distinct offenses.  *U.S. v. Palazzolo*, 71 F.3d 1233 (6th Cir. 1995).  It is the requirement of an agreement to participate in a criminal scheme that distinguishes a conspiracy from the related offense of aiding and abetting, which, although often based on an agreement, does not require proof of that fact.  *U.S. v. Toler*, 144 F.3d 1423 (11th Cir. 1998).

Thus, a conspiracy, which requires a collective criminal agreement to commit a crime and an overt act in furtherance of the agreement, is distinguishable from aiding and abetting, which requires only that the defendant play some knowing role in the offense.  The offense of aiding and abetting, in turn, may be inferred from presence, companionship, and lack of objection to the criminal conduct.  In order to establish the existence of a conspiracy, proof of preconcert and connivance (not necessarily inherent in the mere joint activity common to aiding and abetting) is required.  *U.S. v. Wardy*, 777 F.2d 101 (2d Cir. 1985).

Indeed, the Ninth Circuit has held charges of conspiracy and aiding and abetting in the commission of a substantive offense are separate offenses for purposes of double jeopardy.  *See United States v. Nelson,* 137 F.3d 1094, 1107-1108 (9th Cir.1998) (*citing United States v. Arbelaez*, 812 F.2d 530, 534 (9th Cir.1987)).

Even assuming that the verdicts could be factually inconsistent, as Defendant suggests, acquittal would not be warranted.  "Consistency in the verdict is not necessary.  Each count in an indictment is regarded as if it was a separate indictment."  *United States v. Powell*, 469 U.S.

57, 62 (1984)(internal citations omitted).  The Supreme Court in *Powell* upheld a defendant's conviction for using the telephone to facilitate several felonies, although the defendant was acquitted of the underlying felonies of conspiracy to distribute narcotics and possession of narcotics with intent to distribute. The telephone charge appeared to rely on participation in the drug conspiracy or the commission of the drug felony.  However, this did not mean that the telephone conviction was itself in error.  Rather, the Court noted that any number of factors could have caused the inconsistency, from leniency by the jury to error on either the telephone count conviction or the conspiracy and possession acquittals.  It therefore did not follow that the defense was necessarily prejudiced.  *Id*. at 65. ("[I]t is unclear whose ox has been gored.")

The Court further noted that "a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." *Id*. at 67.

Accordingly, Defendant's Motion to Dismiss, **Ct. Rec. 126**, is **DENIED**. **IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to all counsel.

**DATED** this  7th   day of April, 2009.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 5