UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALBERT ZUNIGA,<br><br>　　　　　　Defendant. | NO. CR-08-2097-LRS<br><br>**ORDER DENYING MOTION TO DISMISS** |

**BEFORE THE COURT** is the Defendant's Motion To Dismiss (Ct. Rec. 126). This motion was heard without oral argument. Defendant's motion seeks dismissal of the Indictment pursuant to the government's alleged failure to provide pertinent and necessary information to the Defense prior to trial.

On March 20, 2009, Defendant was found not guilty by a jury to the charge of Aiding and Abetting Postal Robbery in violation of 18 U.S.C. § 2241 and 18 U.S.C. § 2 as charged in the Indictment. A mistrial was declared on Count 1 of the Indictment, charging Conspiracy to Commit Robbery of Mail, Money or Other Property (Ct. Rec. 124).

Defendant suggests outrageous government conduct in that the government allegedly withheld potentially exculpatory evidence in violation of his 6th Amendment rights. Specifically, Defendant argues that

ORDER - 1

the government failed to disclose that Raymond Pedroza, a government witness at trial: 1) was in treatment for marijuana abuse; 2) had a lifelong addiction to marijuana; 3) had undergone drug testing by the Postal Service; and 4) the Postal Service knew of Pedroza's drug abuse and had been drug testing him while he was an informant.

The government indicates that it has fully provided discovery on an open file basis to defense counsel. Ct. Rec. 129 at 10. For the reasons hereafter set forth based on a totality of the circumstances to date, the Court finds that the government did not withhold information from the defendant.

Before trial, the government had disclosed that Pedroza had previously possessed marijuana and paraphernalia to ingest marijuana based on a prior conviction. At trial and before the jury, Pedroza admitted that he had ingested marijuana in the past and that he had attended Merit, a drug treatment facility. Counsel for the defense was therefore able to use the information before the jury and to argue its significance. Additionally, there is no allegation that Pedroza was smoking marijuana or under the influence when he spoke with the defendant. For instance, although the Postal Inspectors never subjected Pedroza to any type of drug testing, they met with and interviewed Pedroza on multiple occasions. Pedroza did not appear to show signs or symptoms of a drug addict. According to the Postal Inspectors, Pedroza was able to effectively communicate, did not appear to have symptoms of

ORDER - 2

someone experiencing withdrawal, and was able to recall events with relative ease.

Moreover, during the time frame Pedroza had spoken to the defendant, he was required to submit to urinalysis testing by U.S. Probation as a condition of his release. Defense counsel presumably was aware of this testing requirement for Pedroza's release inasmuch as it was a condition of his release established in the court record. Pedroza never tested positive for marijuana in any of the tests performed during his release. Ct. Rec. 129 at 8.

Because the information the defendant claims was intentionally withheld was before the jury at Defendant's trial, the Court finds that Defendant has not suffered any prejudice. All of the allegedly suppressed impeachment evidence was explored and admitted by Pedroza at trial.

The Court finds defendant's assertion of outrageous government conduct without merit. Based on the foregoing, Defendant's Motion to Dismiss, **Ct. Rec. 126**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

**DATED** this___7th___ day of April, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 3