UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

              Plaintiff,

  v.

ALBERT ZUNIGA,

             Defendant.

NO. CR-08-2097-LRS

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

   **BEFORE THE COURT** is the Defendant's Motion For judgment of Acquittal pursuant to FRCP 29 (Ct. Rec. 189) filed on May 27, 2009.  The government has opposed this motion (Ct. Rec. 193). Defendant's motion seeks acquittal based upon the government's alleged failure to establish the essential elements of Conspiracy to Commit Postal Robbery.  The Court's role in such a motion is to determine if the evidence "is insufficient to sustain a conviction".  FRCP 29(a).

   On March 16, 2008, a jury trial commenced.  On March 20, the jury found the defendant not guilty of aiding and abetting. The jury was unable to render a verdict as to conspiracy.  On May 18, 2009, a second jury trial commenced as to the charge of conspiracy.  The government argues that during the trial it produced direct evidence of

ORDER - 1

the defendant's involvement in the conspiracy.  The government introduced testimony from Raymond Pedroza. Pedroza testified that the defendant attempted to entice him to rob a postal carrier for several months prior to January 2008.  Pedroza testified that the defendant asked him if he could trust the Soliz brothers. Pedroza testified that in late December 2007, he observed the defendant approach Johnny Angel Soliz and Mike Soliz. Pedroza testified that at that time, the defendant asked the Soliz brothers if they were interested in making fast money. Pedroza testified that the Soliz brothers expressed an interest. Pedroza testified that he then heard the defendant make a proposal concerning the robbery in question. Pedroza testified that the proposal concerning the robbery was the same information the defendant had relayed to him in their prior conversations.

The government further argues that Pedroza also testified that he had completed vehicle body work for the defendant prior to the robbery. Pedroza testified that he asked the defendant for his pay. Pedroza testified that the defendant told him that if he wanted his money that he had to participate in the robbery. Pedroza also testified that prior to the robbery he was approached by the defendant's co-conspirator. At that time, Johnny Soliz, the defendant's co-conspirator, asked Pedroza for a gun and a car. Pedroza testified that just prior to the robbery, Johnny Soliz advised him of details concerning the robbery. In addition, the government offered the defendant's own words concerning the robbery.

On July 18, 2008, and August 16, 2008, Pedroza met with the

ORDER - 2

defendant. During those meeting, Pedroza wore a hidden recording device. During those meetings, the defendant made several inculpatory statements concerning the robbery. Among the several inculpatory statements, the defendant stated that the robbery was "supposed to be a clean sweep," and that Pedroza "guaranteed" Johnny Soliz.

Finally, the government asserts that it also introduced circumstantial evidence concerning the robbery. The government produced two witnesses who testified that the defendant expressed anger due to his termination from the postal service. During cross-examination, the defendant admitted that he told Diane White that the postal service would be sorry for terminating him. The government introduced evidence that the defendant was familiar with the route in question, and was one of a few individuals who was aware of intimate details which were required to successfully complete the robbery.

The Court finds Defendant's arguments unconvincing. First, the Court finds that the government did introduce at trial both direct and circumstantial evidence concerning the conspiracy. The government offered testimony from Pedroza concerning a meeting where the defendant proposed the robbery to the Soliz brothers. Second, the government offered testimony from Pedroza that the defendant instructed him to participate in the robbery if he wanted to be paid for his work on vehicles. Third, the government offered the defendant's own statements concerning the robbery.

To establish conspiracy, the government must show: (1) an

ORDER - 3

agreement; (2) to engage in criminal activity; and (3) one or more overt acts in furtherance of the conspiracy. *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000). To prove a conviction for conspiracy, the government must establish that the defendant had knowledge of the conspiracy and acted in furtherance of it. *United States v. Zakharov*, 468 F.3d 1171, 1180 (9th Cir. 2006). The government need not prove knowledge with direct evidence. *Wright*, 215 F.3d at 1028. Circumstantial evidence and the inferences drawn from that evidence can sustain a conspiracy conviction. *Id*. The Court finds that the government offered evidence of a conspiracy. Because the jury verdict is supported by substantial evidence in the record, the Court finds defendant's motion for judgment of acquittal cannot be granted. Based on the foregoing, Defendant's Motion For judgment of Acquittal Pursuant to FRCP 29, **Ct. Rec. 189**, is **DENIED**.

   **IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel.

   **DATED** this   5th   day of June, 2009.

                              *s/Lonny R. Suko*
                    _____
                              LONNY R. SUKO
                    UNITED STATES DISTRICT JUDGE

ORDER - 4