UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NOS.  CR-08-2097-LRS |
| Respondent, | ) | CV-11-3032-LRS |
| | ) | |
| -vs- | ) | |
| | ) | ORDER DENYING 28 U.S.C. §2255 |
| ALBERT ZUNIGA, | ) | MOTION |
| | ) | |
| Petitioner. | ) | |

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 14, 2011 (ECF Nos. 261, 262, CR-08-2097-LRS; ECF No. 1, CV-11-3032-LRS).  The Motion is submitted by Albert Zuniga, who is appearing *pro se* for the purposes of these proceedings.  Additionally, on April 25, 2011, Mr. Zuniga filed a document titled "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct," ECF No. 262, which is nearly identical to the Petition (ECF No. 261), but with one less claim.

## I. BACKGROUND

Mr. Zuniga was indicted on September 16, 2008 for Conspiracy in violation of 18 U.S.C. §371 (Count 1); and Aiding and Abetting Robbery of Mail, Money or Property of the United States in violation of 18 U.S.C. §§ 2114(a) and 2 (Count 2).  Mr. Zuniga proceeded to trial and was found guilty by a jury of Count One of the Indictment on May 21, 2009.  On September 10, 2009, Mr. Zuniga was sentenced to a 43-month

ORDER - 1

term of imprisonment with three years supervised release; a special
assessment of $100; and restitution in the amount of $11,055.80.  Mr.
Zuniga, represented by counsel, filed a direct appeal of his judgment
and sentence on September 16, 2009. The United States Court of Appeals
for the Ninth Circuit affirmed the judgment of the District Court on
August 31, 2010 (ECF No. 259); and the Ninth Circuit Mandate was filed
September 22, 2010 (ECF No. 260).  In the present motion, Mr. Zuniga
contends that his sentence is unconstitutional based on three[1] grounds:
statute of limitations for conspiracy; allowing testimony that was
allegedly inadmissible under FRE 801(d)(2)(e); and ineffective
assistance of counsel.  ECF Nos. 261, 262.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to
> be released upon the ground that the sentence was
> imposed in violation of the Constitution or laws of
> the United States, or that the court was without
> jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by
> law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion
to vacate his sentence under 28 U.S.C. § 2255, unless the files and
records of the case conclusively show that the prisoner is entitled to
no relief. This inquiry necessitates a twofold analysis: (1) whether

---

[1] The later filed document (ECF No. 262), sets forth only two
grounds, instead of three, alleged to have violated the Constitution,
Laws or Treaties of the United States.

the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

This Court has reviewed the record, including official trial transcripts and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir.1999) (citation omitted); *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir.1992) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). Here, the pertinent facts of the case were fully developed at trial in the record before the Court. *Smith*, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). No evidentiary proceedings are required in this Court. *High v. Head*, 209 F.3d 1257, 1263 (11th Cir.2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)), *cert. denied*, 532 U.S. 909, 121 S.Ct. 1237, 149 L.Ed.2d 145 (2001).

Further, the statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the

United States Attorney for response.  28 U.S.C. § 2255.  Rules governing section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

**A. GROUND ONE—CONTINUING CONSPIRACY**

Mr. Zuniga alleges that the trial court erred in holding that the conspiracy charged in the indictment continued after the last overt acts were committed. Mr. Zuniga further argues that "the statute of limitations run [sic] against the prosecution for conspiracy from the last overt act during the existence of the conspiracy."  ECF No. 261, at 6. While Petitioner appears to be asserting a statute of limitations defense, he points to no evidence which supports this argument.  The Court finds that the evidence supported the jury verdict and Petitioner's conviction pursuant to 18 U.S.C. 371 for conspiring with others to commit robbery of a United States postal truck.  The jury in this case heard undercover recordings of Zuniga himself discussing the robbery with the confidential informant witness Raymond Pedroza and indicating his involvement.  The jury also heard

testimony from Pedroza and had a full opportunity to assess
credibility of the witness before deciding Mr. Zuniga was guilty.  Mr.
Zuniga's argument is without merit.

**B. GROUND TWO-INADMISSIBLE TESTIMONY**

Mr. Zuniga alleges it was "an abuse of discretion for the trial
court to allow testimony against petitioner-which was inadmissible."
ECF No. 261, at 7. Mr. Zuniga states,"Raymond Perdosa's [sic]
statement were given when he was arrested for another crime.  A
confession or admission of the existence of a conspiracy by one
coconspirator after he has been apprehended is not in 'furtherance' of
a conspiracy." ECF No. 261, at 7.  An admission after the criminal
conduct occurred is just that-namely an acknowledgment that a crime
had occurred.  This argument is not supported by any facts or
otherwise supported by the law. The Court also rejects this ground.

**C. GROUND THREE-INEFFECTIVE ASSISTANCE OF COUNSEL**

Mr. Zuniga generally alleges that because his attorney Ms.
Stevens did not raise the issues presented in grounds one and two by
means of a pretrial motion, she deprived him of his constitutional
right to effective assistance of counsel.  First of all, the issues
Mr. Zuniga alleges were constitutional violations in this petition,
occurred not at pretrial but at trial.  Accordingly, Mr. Zuniga fails
to provide any support for this claim.

In a Section 2255 motion based on ineffective assistance of
counsel, the movant must prove:  (1) counsel's performance was
deficient, and (2) movant was prejudiced by such deficiency.
*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

As to the first prong, there is a strong presumption defense counsel's performance was sufficiently effective.  Id. at 689.  Petitioner must show his counsels' performance was "outside the wide range of professionally competent assistance."  Id. at 690.  Tactical decisions of trial counsel deserve deference when:  (1) counsel in fact bases trial conduct on strategic considerations; (2) counsel makes an informed decision based on investigation; and (3) the decision appears reasonable under the circumstances.  *Thompson v. Calderon*, 86 F.3d 1509, 1515-16 (9th Cir. 1996), *citing Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

As to the second prong, petitioner must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different- i.e. the fact finder would have had a reasonable doubt respecting guilt.  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome" of the trial.  *Strickland*, 466 U.S. at 694.  The essence of an ineffective assistance counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  *Id*. at 686.  Both prongs of the ineffective assistance test need not be addressed if the claim can be disposed of in one prong.  *Id*. at 697.  According to the Supreme Court:

> The object of an ineffectiveness claim is  not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.  Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

ORDER - 6

Id.

The Court rejects Mr. Zuniga's conclusory statement and concludes that in the absence of any evidence showing that counsel's efforts were not those of a reasonably competent practitioner, defense counsel's performance was not deficient.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Under the prejudice prong of the inquiry, Petitioner "must affirmatively prove prejudice by showing that counsel's errors actually had an adverse effect on the defense." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir.2003).  Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner thinks she should have provided.  This ineffectiveness claim is therefore without merit.  The Court finds that the Petitioner has not provided any evidence to convince this Court that his constitutional rights were violated in that respect.

Based on the foregoing discussion, Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255.  Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response. Accordingly,

**IT IS ORDERED** that:

1. Mr. Zuniga's Motions to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 14, 2011 and April 25, 2011, **(ECF Nos. 261, 262,** CR-08-2097-LRS; **Ct. Rec. 1,** CV-11-3032-LRS) are **DENIED.**

ORDER - 7

1     2.  The District Court Executive is directed to:

2        (a) File this Order;

3        (b) Provide a copy to Petitioner **AND TO** the United States

4 Attorney, Yakima, Washington; and

5        (c) **CLOSE THESE FILES.**

6    **DATED** this 22nd day of August, 2011.

7                            *s/Lonny R. Suko*

8                         LONNY R. SUKO
                 UNITED STATES DISTRICT JUDGE

ORDER - 8