UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Respondent,<br><br>  -vs-<br><br>ALBERT ZUNIGA,<br><br>                Petitioner. | NO.  CR-08-2097-LRS<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY AND MOTION FOR RECONSIDERATION AND EVIDENTIARY HEARING |

BEFORE THE COURT is Petitioner's "PLAINTIFFS CONSOLIDATED RETURN OF PROPOSED FINAL DECISION, MEMORANDUM, & ORDER; FRCP RULE 60(b)(3)-(6)VOID JUDGMENT NOTICE; FRCP RULE 52(b), 59(a)(2) & (d)-(e)APPLICATION FOR FULL DETERMINATION & JUDGMENT; & AFFIDAVIT IN SUPPORT IN VERIFICATION [FRCP RULE 59(c)]," ECF No. 264, which this court will construe to be a motion for reconsideration of this court's Order Denying 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed August 22, 2011 (ECF No. 263) and an application for a certificate of appealability.  The motion is submitted by Albert Zuniga, who is appearing *pro se* for the purposes of these proceedings. Petitioner did not note the instant motion pursuant to local rules.

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2255 habeas corpus proceeding.  28 U.S.C. Section 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability should be issued only where the

ORDER - 1

appeal presents a substantial showing of the denial of a constitutional right. 28 U.S.C. Section 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

For the reasons adequately set forth in the "Order Denying 28 U.S.C. §2255 Motion," ECF No. 263, this court concludes jurists of reason would not find it debatable that this court was correct in its ruling on the merits of the claims, i.e., that his constitutional rights were not violated. To the extent Petitioner's request is for issuance of a certificate of appealability, such a request is respectfully **DENIED**. In addition, Mr. Zuniga's request for an emergency hearing and evidentiary hearing are also denied.

To the extend Petitioner is requesting a motion for reconsideration, the court notes that such motions for reconsideration serve a limited function. Under the Federal Rules of Civil Procedure, motions for reconsideration may be made pursuant to Rule 59(e). The major grounds for granting a motion to reconsider a judgment are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School District No. 1J, Multnomah County Oregon v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008). Mr. Zuniga does not contend that there is newly discovered evidence or that controlling law has changed. Instead Mr. Zuniga continues to re-argue that his attorney Ms. Stevens deprived him of his

constitutional right to effective assistance of counsel. Mr. Zuniga states: "During the trial, but for counsels unconscionable deference to the Plaintiffs attorneys - whoever the Plaintiff really is, the missing elements and fatal flaws would have come out and required judgment for acquittal as a matter of law." ECF No. 264 at 2.

A motion for reconsideration is not appropriately brought to present arguments already considered by the Court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985). For all the foregoing reasons, the Court respectfully denies Petitioner's motion. Accordingly,

**IT IS ORDERED** that:

1. Mr. Zuniga's motion for reconsideration and request for certificate of appealability, **ECF No. 264**, is **DENIED**.

2. The District Court Executive is directed to:

(a) File this Order; and

(b) Provide a copy to Petitioner **AND TO** the United States Attorney, Yakima, Washington.

**DATED** this 7th day of October, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 3