UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Respondent,<br>   -vs-<br>ALBERT ZUNIGA,<br>                Petitioner. | NO. CR-08-2097-LRS<br><br>ORDER |

BEFORE THE COURT is Petitioner's "PLAINTIFFS NOTIFICATION OF VOID ORDER(S), CLERICAL ERRORS, & DEMAND FOR REMEDY AND RECOURSE IN THE NATURE OF AN ORDER/MANDATE COMPELLING &/OR REQUIRING A US OFFICER OR EMPLOYEE TO OBSERVE A LEGAL DUTY OWED MINISTERIAL IN NATURE (MANDAMUS & VENUE ACT)," ECF No. 267, which this court will construe to be a motion for reconsideration of this court's "Order Denying Certificate of Appealability and Motion For Reconsideration and Evidentiary Hearing" (ECF No. 265). The motion is submitted by Albert Zuniga, who is appearing *pro se* for the purposes of these proceedings. Petitioner did not note the instant motion pursuant to local rules.

To the extent Petitioner is requesting a motion for reconsideration, the court notes that such motions for reconsideration serve a limited function. Under the Federal Rules of Civil Procedure, motions for reconsideration may be made pursuant to Rule 59(e). The major grounds

ORDER - 1

for granting a motion to reconsider a judgment are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School District No. 1J, Multnomah County Oregon v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008). Mr. Zuniga does not contend that there is newly discovered evidence or that controlling law has changed. Instead Mr. Zuniga continues to re-argue that his attorney Ms. Stevens deprived him of his constitutional right to effective assistance of counsel. Mr. Zuniga states: "During the trial, but for counsels unconscionable deference to the Plaintiffs attorneys - whoever the Plaintiff really is, the missing elements and fatal flaws would have come out and required judgment for acquittal as a matter of law." ECF No. 264 at 2.

A motion for reconsideration is not appropriately brought to present arguments already considered by the Court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985). More importantly, this case was closed on October 7, 2011 and the Ninth Circuit Court of Appeals found on January 10, 2012 that "Petitioner Zuniga has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. See Bauman v. United States Dist. Court, 557 F.2d 650 (9th Cir. 1977). Accordingly, petitioner's request for an order compelling or requiring the district court and/or an officer or employee of the United States to perform a legal duty is denied." ECF No. 268).

For all the foregoing reasons, the Court respectfully denies Petitioner's motion.

ORDER - 2

Accordingly,

**IT IS ORDERED** that:

1. Mr. Zuniga's motion for reconsideration and request for certificate of appealability, **ECF No. 267,** is **DENIED.**

2. The District Court Executive is directed to:

   (a) File this Order; and

   (b) Provide a copy to Petitioner.

**DATED** this 7th day of May, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 3